**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES EARL WARE,

Petitioner - Appellant,

v.

DAVID PARKER, Warden,

Respondent - Appellee.

No. 08-6098

(W.D. Oklahoma)

(D.C. No. 5:07-CV-01328-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

James Earl Ware was convicted of first-degree rape following a bench trial in Oklahoma state court and sentenced to 20 years' imprisonment. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) rejected his challenge to the sufficiency of the evidence and affirmed his conviction. Mr. Ware then sought postconviction relief in state court, claiming ineffectiveness of his trial and appellate counsel. After the state trial court denied relief, he failed to file a timely appeal. He unsuccessfully requested the postconviction trial court to recommend granting him leave to file his appeal out of time. The OCCA then refused to permit an untimely appeal.

Mr. Ware next filed an application under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. He challenged the

sufficiency of the evidence to convict him and claimed that he had been denied effective assistance of counsel at trial and on direct appeal. Adopting the report and recommendation of the magistrate judge, the district court denied the application. It rejected the sufficiency-of-the-evidence challenge because the OCCA's decision neither contravened nor unreasonably applied *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); nor did it turn on an unreasonable determination of facts in light of the evidence. As to Mr. Ware's ineffective-assistance claims, the district court held that they were procedurally defaulted because he had failed to raise them on direct appeal and had failed to file a timely appeal of the postconviction trial court's decision. The district court further determined that Mr. Ware had not shown that a fundamental miscarriage of justice would result from denial of habeas relief.

Mr. Ware then filed a document styled "notice of intent to appeal," which the district court construed as an application for a certificate of appealability (COA). The court denied the application. Mr. Ware now seeks a COA from this court. We deny a COA and dismiss this appeal.

**DISCUSSION**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). And if the federal claim was adjudicated on the merits in the state court, "we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable

-3-

determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). Our concern is only whether the state court's result, not its rationale, is clearly contrary to or unreasonable under federal law. *Id.* at 1176. When claims are adjudicated on the merits in state court, "ADEPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

No jurist of reason could find debatable the district court's denial of Mr. Ware's sufficiency-of-the-evidence challenge. The court properly concluded that the OCCA's determination of the issue was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The court properly rejected Mr. Ware's contention that "physical" evidence—such as DNA test results—was necessary to establish guilt.

Likewise, no jurist of reason could find debatable the district court's determination that Mr. Ware's untimely appeal in his state postconviction proceeding presents a clear procedural bar to federal habeas review of the claims raised in the postconviction proceeding. *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998)

The sole argument that Mr. Ware makes in his submission to this court is that the district court "should [have] recognized [his] habeas claims were not developed properly" and that it should have allowed him to withdraw these claims

for reformulation. Appl. for COA at 2. But there is no indication in the record that Mr. Ware raised this matter in the district court, or that he sought leave to amend his § 2254 application. In any event, the basis of his contention that his habeas claims were not developed properly is that he was assisted by an incompetent prison law clerk who has, Mr. Ware says, since been removed from that duty because of misconduct. We construe this as an ineffective-assistance claim. But Mr. Ware has no right to the assistance of counsel on habeas, and thus cannot invoke ineffective assistance as a basis for relief at this stage. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-556 (1987).

We therefore DENY the application for a COA and DISMISS the appeal. We GRANT Mr. Ware's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge